LYNCH GRAY *v.* N. E. CROMWELL.

**Judicial Sales—Insolvent Bidder.**
     Where a purchaser of land at judicial sale is insolvent, it is the duty of the judgment plaintiff to have the sale set aside, or take such steps as would secure him the purchase-money,

APPEAL FROM DAVIESS CIRCUIT COURT.

October 7, 1873.

OPINION BY JUDGE PRYOR:

Cromwell, McGee and Hobbs were all parties to the action by the appellant, Gray, to enforce his lien on the lot sold by Griffin to Cromwell.

Cromwell bought two feet of the lot on the south side, extending the whole length of the same for the debt, interest and costs, and gave his bond with security for the purchase money in compliance with the judgment. This sale extinguished the lien and was a satisfaction of the original debt as against those at least who were the purchasers from Cromwell of the remaining ground. The only lien that Gray has was on that portion of the lot sold under the judgment. It is true that the deed from Cromwell to McGee directed, or rather contained the consent of Cromwell that the twelve hundred dollar note might be applied to the payment of the appellants' lien, but all these parties were before the court and admitted in the original action of Gray that the whole of the property embraced in Griffin's deed to Cromwell was liable for Gray's debt, and Gray took a judgment subjecting the whole of it to the satisfaction of the lien, and under this judgment of sale Cromwell and his surety agreed to discharge the lien for a small strip of the lot. When this was done and the report of sale confirmed, it left Cromwell to dispose of the notes of his vendees as he saw proper. Weir was no party to the proceeding and if he had been his rights could not have been affected by it. When the sale by the commissioner to Cromwell was confirmed, the latter had the right, if he had not previously sold, to sell the balance of the ground and make to the purchaser a title free from any lien that Gray had by reason of his note. The latter had asked the chancellor to sell the land, and it was his duty, if the purchasers were insolvent, to have had the sale set aside, or to take such steps as would have secured him in his money. The authorities referred to by counsel for appellant are not analogous to this case, and if they were the Code of Practice in this state gives a lien only on the land sold under the judgment. Besides, there is no reason assigned in the record for the failure on the part of the sheriff to sell the land that was surrendered by Cosby and wife to pay this debt. They both in writing waived their right to the bene-

fit of the homestead act and agreed that the real estate surrendered should be sold. It was the duty of the appellant to have sold this property, and so far as the record shows, he is without excuse in not doing so. The judgment of the court below is affirmed. *Etlinger v. Tansey,* 17 B. Monroe 366.

*Sweeney & Stuart, for appellant.*

*Weir & Son, for appellee.*